IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| GLENDA MANCIA, et al. | : |
| | : |
|     Plaintiffs, | : |
| | : |
| v. | :   Case No. 1:08-cv-00273-CCB |
| | : |
| MAYFLOWER TEXTILE SERVICES CO. et al. | : |
| | : |
|     Defendants. | : |

_____

CERTIFICATE OF COUNSEL PURSUANT TO LOCAL RULE 104.7

Plaintiffs' counsel files this certificate pursuant to Local Rule 104.7.

Plaintiffs served interrogatories and document requests upon defendants Mayflower Healthcare Textile Services, LLC ("Mayflower"), Mukul Mehta, Lunil Services Agency, LLC ("Lunil"), and Argo Enterprises, Inc. ("Argo"), on April 18, 2008. The responses to these discovery requests were inadequate.

Plaintiffs served motions to compel supplemental responses on defendants Mayflower, Mehta, and Lunil on June 25, 2008, and on defendant Argo on June 30, 2008. On July 14, 2008, Mayflower, Lunil and Mehta served a "consolidated response" to the motions to compel, and an amended "consolidated response" on August 1, 2008.[1] On July 25, 2008, plaintiffs served each of those three defendants with a reply memorandum. Defendant Argo has not responded to plaintiffs' motion to compel supplemental discovery responses.

The parties' counsel held a telephonic conference on August 1, 2008, at 9:30 a.m.

---

[1] According to defendants' counsel, "the only changes [in the amended response] are in the title, the footnotes, the elimination of the word state (p. 17), and in the certificate of service."

1

Participants in that telephonic conference were: plaintiffs' counsel Daniel A. Katz and Jane R. Flanagan; Eric Pelletier for defendants Mayflower, Lunil, and Mehta; and Neil Hyman and Andrew Nichols for defendant Argo.  While some of the issues originally raised in plaintiffs' motions to compel have been resolved, a majority of the issues have not been resolved.

The issues that require resolution by the Court are as follows.

Issues to be resolved regarding discovery requests to Mayflower Healthcare Textile Services

 A. Plaintiffs' request for attachment(s) to the contract between Mayflower and Lunil.

 B. Plaintiffs' request for the attachment(s) to the contract between Mayflower and Argo.

 C. Plaintiffs' request for documents that support the making and execution of the contract between Mayflower and Lunil, and the contract between Mayflower and Argo.

 D. Plaintiffs' request for all documents indicating the days and hours worked by the plaintiffs, including the records generated by the time clocks on which plaintiffs were required to punch-in and punch-out.

 E. Plaintiff's request for all records concerning wages earned by plaintiffs. Defendants have produced numerous records responsive to this request. However, according to plaintiffs' review, documents not produced include: any records for Obdulia Martinez (in their Answer to the Complaint, at ¶ 10, defendants Mayflower, Lunil, and Mehta stated that

        Ms. Martinez "was employed by Lunil until on or about December 31, 2007"); any records for Ana Zelaya, whose opt-in consent form, docket no. 25-2, states that she worked at the Mayflower laundry from January to May 2006); records showing the hours worked by plaintiff Maria Miranda; plaintiff Maria Reyes' pay stub for the first pay period in July 2007; and, plaintiff Alfredo Aguirre's pay stub for the pay period ending August 26, 2007.

G.    Plaintiffs' request for all documents related to Mayflower's payment to Lunil for labor performed by employees at the Mayflower laundry.

H.    Plaintiffs' request for all documents related to Mayflower's payments to Argo for labor performed by employees at the Mayflower laundry.

I.    Plaintiffs' request for all documents regarding vehicles in which employees of the Mayflower laundry were transported to and from work.

J.    Plaintiffs' request for records showing all production workers who worked at the Mayflower laundry during the last two pay periods of 2007 and the first two pay periods of 2008.

K.    Plaintiffs' request for payroll based tax documents and filings for the period relevant to this litigation.

L.    Plaintiffs' request for all documents showing the relationship between Miguel Trevino and Mayflower, and Soni Shatki and Mayflower.

M.    Plaintiffs' request for documents regarding the ownership of Mayflower.

N.    Plaintiffs' request that Mayflower fully answer interrogatory number 1, and state who answered the interrogatories and the relationship of that

person to each of the other defendants.

O. Plaintiffs' request that Mayflower fully answer interrogatory number 3 regarding the nature of the business it conducts, locations and addresses, and management and supervisory personnel at each place of business operation.

Issues to be resolved regarding discovery requests to Lunil Services Agency LLC

A. Plaintiffs' request for attachment(s) to the contract between Mayflower and Lunil.

B. Plaintiffs' request for documents that support the making and execution of the contract between Mayflower and Lunil.

C. Plaintiffs' request for all documents indicating the days and hours worked by the plaintiffs, including the records generated by the time clocks on which plaintiffs were required to punch-in and punch-out.

D. Plaintiffs' request for all records concerning wages earned by plaintiffs. Defendants have produced numerous records responsive to this request. However, according to plaintiff's review, documents not produced include: any records for Obdulia Martinez (in their Answer to the Complaint, at ¶ 10, defendants Mayflower, Lunil, and Mehta stated that Ms. Martinez "was employed by Lunil until on or about December 31, 2007"); any records for Ana Zelaya, whose opt-in consent form, docket no. 25-2, states that she worked at the Mayflower laundry from January to May 2006); records showing the hours worked by plaintiff Maria Miranda; plaintiff Maria Reyes' pay stub for the first pay period in July 2007; and, plaintiff Alfredo Aguirre's pay stub for the pay period ending August 26,

4

2007.

E. Plaintiffs' request for all documents regarding vehicles in which employees of the Mayflower laundry were transported to and from work.

F. Plaintiffs' request for records showing all production workers who worked at the Mayflower laundry during the last two pay periods of 2007 and the first two pay periods of 2008.

G. Plaintiffs' request for payroll based tax documents and filings for the period relevant to this litigation.

H. Plaintiffs' request for all documents showing the relationship between Lunil and Miguel Trevino.

J. Plaintiffs' request that Lunil fully answer interrogatory number 1 and state who answered the interrogatories and the relationship of that person to each of the other defendants.

K. Plaintiffs' request that Lunil fully answer interrogatory number 3 regarding the nature of the business it conducts, locations and addresses, and management and supervisory personnel at each place of business operation.

Issues to be resolved regarding discovery requests to Mukul Mehta

A. Plaintiffs' request for W-2 forms, K-1, and other documents filed with tax authorities showing Mr. Mehta's sources of earned income from 2005 to present.

B. Plaintiffs' request for Mr. Mehta's appointment books, calendars, date books, and other documents showing work and business meetings and

appointments from 2005 to present.

<u>Issues to be resolved regarding discovery requests to Argo Enterprises, Inc.</u>

A. Plaintiffs' request that Argo serve a response indicating to which document requests it has responded. While Argo has produced some documents in response to plaintiffs' requests, it has not indicated to which requests it has responded. Therefore, plaintiffs can not know if documents requested have been provided and/or whether defendant Argo does not have documents responsive to the requests.

B. Plaintiffs' request for the attachment(s) to the contract between Mayflower and Argo.

C. Plaintiffs' request for documents that support the making and execution of the contract between Mayflower and Argo.

D. Plaintiff's request for all records concerning wages earned by plaintiffs.

E. Plaintiffs' request that Argo produce each document that relates to employee policies or procedures, including employee handbooks and any documents that describe Argo's compensation practices and procedures.

F. Plaintiffs' request that Argo produce documents that support the affirmative defenses listed in Argo's answer.

G. Plaintiffs' request that Argo produce each document identified in its answers to interrogatories.

H. Plaintiffs' request for plaintiffs' personnel files. While some documents produced are responsive to this request, plaintiffs do not know if all responsive documents have been produced.

    I.      Plaintiffs' request for written instructions or orientation guidelines provided to the production workers at the Mayflower laundry.

    J.      Plaintiffs' request for plaintiffs' job descriptions.

    K.      Plaintiffs' request for documents describing or providing instructions about the use of equipment, tools, or special clothing operated or used by the production plant workers at the Mayflower laundry.

    L.      Plaintiffs' request for all records, including invoices, checks and calculations regarding payments made by Mayflower to Argo.

    M.      Plaintiffs' request for all documents regarding vehicles in which employees of the Mayflower laundry were transported to and from work

    N.      Plaintiffs' request for records showing discipline, reprimand, or change in employment status of plaintiffs.

    O.      Plaintiffs' request for any statements or records of statement by production workers about payment of wages at the Mayflower laundry.

    P.      Plaintiffs' request for all releases or other agreements from Mayflower production workers purporting to release claims for back wages.

    Q.      Plaintiffs' request for records showing all production workers who worked at the Mayflower laundry during the last two pay periods of 2007 and the first two pay periods of 2008.

    R.      Plaintiffs' request for any documents regarding any complaint about, and/or investigation regarding unpaid wages from 2005 to present.

    S.      Plaintiffs' request for payroll based tax documents and filings for the period relevant to this litigation.

T. Plaintiffs' document request regarding any expert retained by Argo.

U. Plaintiffs' request for documents regarding Argo's corporate structure.

V. Plaintiffs' request for document showing the relationship between Argo and Miguel Trevino.

W. Plaintiffs' request for any insurance police that may satisfy any judgment or indemnify Argo.

X. Plaintiffs' request for any written statement by Mayflower laundry production workers regarding the withholding of wages for transportation to and form work.

Y. Plaintiffs' request for all document regarding the legal status and ownership of Argo.

Z. Plaintiffs' request that Argo supplement its answer to interrogatory number 3 regarding the nature of the business it conducts, its locations and addresses where its business operations are or have been conducted, and identify the managerial and supervisory staff at each place of business operations.

Attached Documents:

1. Plaintiffs' Motion to Compel Defendant Mayflower Healthcare Textile Services to Serve Supplemental Responses to Plaintiffs' Discovery Requests and Memorandum in Support Thereof.

2. Plaintiffs' Motion to Compel Defendant Lunil Services Agency LLC to Serve Supplemental Responses to Plaintiffs' Discovery Requests and Memorandum in Support Thereof.

3. Plaintiffs' Motion to Compel Defendant Mukul M. Mehta to Serve Supplemental Responses to Plaintiffs' Discovery Requests and Memorandum in Support Thereof.

4. Mayflower Healthcare Services Textile Co., LLC, Lunil Services Agency LLC, and Mukul Mehta's Consolidated Response to Motions to Compel.

5. Mayflower Healthcare Services Textile Co., LLC, Lunil Services Agency LLC, and Mukul Mehta's Consolidated Response to Motions to Compel (Amended).

6. Plaintiffs' Reply to Defendant Mayflower's Response to Motion to Compel Defendant Mayflower Healthcare Textile Services to Serve Supplemental Responses to Plaintiffs' Discovery Requests.

7. Plaintiffs' Reply to Defendant Lunil Services Agency, LLC's Response to Motion to Compel Defendant Lunil Services Agency, LLC to Serve Supplemental Responses to Plaintiffs' Discovery Requests.

8. Plaintiff's Reply to Defendant Mehta's Response to Motion to Compel Defendant Mukul M. Mehta to Serve Supplemental Responses to Plaintiffs' Discovery Requests.

9. Plaintiffs' Motion to Compel Defendant Argo Enterprises, Inc., to Serve Supplemental Responses to Plaintiffs' Discovery Requests and Memorandum in Support Thereof.

        Respectfully submitted,

        ANDALMAN & FLYNN, P.C.

        _____/s/_____
        Daniel A. Katz, Esquire, Fed. Bar No. 13026
        8601 Georgia Avenue, Suite 604
        Silver Spring, MD  20910
        (301) 563-6685

        BROWN, GOLDSTEIN & LEVY, LLP

        _____/s/_____
        C. Christopher Brown, Fed. Bar No. 01043
        Jane R. Flanagan, Fed. Bar No. 28249
        120 E. Baltimore St., Suite 1700
        Baltimore, MD  21202
        (410) 962-1030

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2008, a copy of the foregoing was served by the Court's electronic filing system on: Scott V. Kamins, Esq. and Eric Pelletier, Esq., 8171 Maple Lawn Boulevard, Suite 200, Maple Lawn, MD  20759; Neil S. Hyman, Esq., 4416 East West Highway, Suite 400, Bethesda, MD  20814; and Andrew T. Nichols, Esq., 410 N. Charles Street, Baltimore, MD 21201.

        _____/s/_____
        Daniel A. Katz

F:\WDocs\CLIENTS\MANCIA.GLE\pleading\LR 104 certificate.doc