

November 11, 2008

Honorable Paul W. Grimm
Chief United States Magistrate Judge
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD  21201

    Re:    <u>Mancia et al. v. Mayflower Healthcare Textile Services, Inc.</u>
           Case No.  1:08-CV-00273-CCB

Dear Judge Grimm:

    Plaintiffs submit this correspondence in connection with the parties' joint submission regarding outstanding discovery issues.  Plaintiffs request that the Court order defendants to fully respond to plaintiffs' discovery requests.

    Plaintiffs' discovery requests were served on April 18, 2008.  Pursuant to the Court's order, plaintiffs' counsel has continued to discuss these discovery issues with defendants' counsel, and continued to attempt to resolve and/or minimize the outstanding issues.  Plaintiffs attempted to resolve all discovery disputes without seeking court intervention.  Plaintiffs consented when defendants' requested extensions of time to respond to discovery, and have been patient as defendants have provided piecemeal discovery throughout the more than six months since plaintiffs served their discovery requests.

    Defendants Mayflower, Lunil and Mehta (collectively the "Mayflower defendants") served responses to the document requests on: June 11, 2008; July 14, 2008; July 30, 2008; September 11, 2008; September 29, 2008; October 16, 2008; October 21, 2008; October 23, 2008; October 29, 2008, and November 5, 2008.  Responses to interrogatories were served on June 9, 2008; September 10, 2008; and October 21, 2008.

    As previously noted, these Defendants made multiple objections to almost every document request and every interrogatory.  In the end, after receipt of defendants' numerous responses to the discovery requests, it is clear that defendants no longer rely on the vast majority of the objections they raised throughout this process – objections which resulted in plaintiffs' having to file multiple motions to compel and seek relief in the court.  In addition, it is now clear that defendants claim that plaintiffs' requests were "overbroad" or "burdensome" were entirely without merit, as defendants have essentially abandoned any claim that the production requested would be burdensome.

    Defendant Argo Enterprises, Inc., produced documents on: June 13, 2008; June 24, 2008; August 14, 2008; September 24, 2008; October 23, 2008, November 3, 2008, and November 5, 2008. Again, defendant's reliance on previously stated objections has been abandoned, and its service of multiple discovery responses occurred solely because plaintiffs maintained – correctly – that it had not adequately responded to plaintiffs' discovery requests.

_____

*Elliott Andalman*   •   *Mary Ellen Flynn*   •   *Daniel A. Katz,* Principals   •   *Kathryn McDonough*   •   *Peter Casciano*

Lee Plaza • 8601 Georgia Ave. • Suite 604 • Silver Spring, MD 20910 • Tel: 301.563.6685 • Fax: 301.563.6681
E-mail: andalmanflynn@a-f.net
Website:  www.andalmanflynn.com

Plaintiffs further note that all defendants have completely failed to comply with Fed. R. Civ. P. 34(b)(2)(E)(i). That rule requires that documents produced in response to a request for production of documents be produced either as kept in the usual court of business, or, organized and labeled according to the categories in plaintiffs' document request. Instead, documents have been produced as defendants wished or decided to produce them, in a manner wholly inconsistent with the requirements of Rule 34. This has resulted in plaintiffs' counsel having to spend an extraordinary and inexcusable amount of time reviewing the documents in order to determine: to which document requests defendants have responded; what documents have actually been produced in comparison to the documents that have been requested; and, what documents are "missing" and/or likely to exist even though not produced. While defendants now request that the Court rule many of the contested issues resolved, defendants' multiple document production responses indicate that each time defendants have stated that responsive documents were produced, their responses were still incomplete.

In addition, the piecemeal response to discovery has served to delay the resolution of pending discovery disputes. Plaintiffs' counsel was required to revise the discovery dispute "template," now submitted to the Court, multiple times, because defendants served eight separate sets of documents subsequent to the September 29, 2008, hearing.

As a result of the latest production of documents, plaintiffs have submitted a motion for leave to amend the complaint and the first amended complaint. The likely addition of new defendants will now result in additional discovery, discovery which could have been initiated months earlier had defendants produced these readily available documents when they should have been produced – or even within a few months of when they should have been produced.

Thank you.

Respectfully submitted,

ANDALMAN & FLYNN, P.C.

_____/s/_____
Daniel A. Katz, Esquire, Fed. Bar No. 13026
8601 Georgia Avenue, Suite 604
Silver Spring, MD 20910
(301) 563-6685

BROWN, GOLDSTEIN & LEVY, LLP

_____/s/_____
C. Christopher Brown, Fed. Bar No. 01043
Jane R. Flanagan, Fed. Bar No. 28249
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
(410) 962-1030

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2008, a copy of the foregoing was served by the Court's electronic filing system on: Scott V. Kamins, Esq. and Eric Pelletier, Esq., 8171 Maple Lawn Boulevard, Suite 200, Maple Lawn, MD 20759; Neil S. Hyman, Esq., 4416 East West Highway, Suite 400, Bethesda, MD 20814; and Andrew T. Nichols, Esq., 410 N. Charles Street, Baltimore, MD 21201.

_____/s/_____
Daniel A. Katz