IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| GLENDA MANCIA<br>5111 Bel Air Road<br>Baltimore, MD 21206 | :<br>:<br>:<br>: |
| and | :<br>: |
| MARIA DAYSI REYES<br>3409 Esther Place<br>Baltimore, MD 21224 | :<br>:<br>:<br>: |
| and | :<br>: |
| ALFREDO AGUIRRE<br>3409 Esther Place<br>Baltimore, MD 21224 | :<br>:<br>:<br>: |
| and | :<br>: |
| HENRI SOSA<br>519 N. Lakewood Avenue<br>Baltimore, MD 21205 | :<br>:<br>:<br>: |
| and | :<br>: |
| SANDRA SUZAO<br>3314 Leverton Street<br>Baltimore, MD 21224 | :<br>:<br>:<br>: |
| and | :<br>: |
| OBDULIA MARTINEZ<br>115 North Milton Street<br>Baltimore, MD 21224 | :<br>:<br>:<br>: |
| Individually and on behalf of<br>all similarly situated, | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :     Case No. 1:08-cv-00273 CCB |

| | |
|---|---|
| MAYFLOWER TEXTILE SERVICES CO. | : |
| Serve:  Mukul M. Mehta | : |
| 2601 West Lexington Street | : |
| Baltimore, MD  2101 7 | : |
| | : |
| and | : |
| | : |
| MAYFLOWER HEALTHCARE | : |
| TEXTILE SERVICES, LLC | : |
| Serve: Mukul M. Mehta | : |
| 15709 Plowman Drive | : |
| Laurel, MD  20707 | : |
| | : |
| and | : |
| | : |
| MAYFLOWER SURGICAL | : |
| SERVICE, INC. | : |
| Serve:  Mukul M. Mehta | : |
| 15709 Plowman Drive | : |
| Laurel, MD  20707 | : |
| | : |
| and | : |
| | : |
| MAYFLOWER UNIFORMS AND | : |
| MEDICAL SUPPLIES, LLC | : |
| Serve:  Mukul M. Mehta | : |
| 15709 Plowman Drive | : |
| Laurel, MD  20707 | : |
| | : |
| and | : |
| | : |
| LUNIL SERVICES AGENCY, LLC | : |
| Serve:  Lalit H. Gadhia | : |
| 928 N. Charles Street | : |
| Baltimore, MD  21201 | : |
| | : |
| and | : |
| | : |
| ARGO ENTERPRISES, INC. | : |
| Serve:  Valentin Abgaryan | : |
| 6900 Marsue Drive, Apt. T-1 | : |
| Baltimore, MD  21215 | : |
| | : |
| and | : |

| | |
|---|---|
| ARGO MANAGEMENT GROUP, INC. | : |
| Serve: Valentin Abgaryan | : |
| 6900 Marsue Drive, Apt. T-1 | : |
| Baltimore, MD  21215 | : |
| | : |
| and | : |
| | : |
| Valentin Abgaryan | : |
| 6900 Marsue Drive, Apt. T-1 | : |
| Baltimore, MD  21215 | : |
| | : |
| and | : |
| | : |
| MUKUL M. MEHTA | : |
| 15709 Plowman Drive | : |
| Laurel, MD  20707 | : |
| | : |
| Defendants | : |

_____

## FIRST AMENDED COMPLAINT

Plaintiffs, by and through undersigned counsel, allege as follows:

### I.   INTRODUCTION

1. Plaintiffs, who are or have been employed by Defendants Mayflower Textile Services Co., Mayflower Healthcare Textile Services LLC, Mayflower Surgical Service, Inc., Mayflower Uniforms and Medical Supplies LLC, Lunil Services Agency LLC, Argo Enterprises, Inc., Argo Management Group, Inc., Valentin Abgaryan, and Mukul Mehta, bring this action – individually and on behalf of a class of Defendants' present and former employees – for declaratory and monetary relief, for Defendants' failure to pay them wages and "time and one-half" for the overtime hours worked, all as required by federal and state law.

2. This action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), <u>Md. Code Ann.</u>, Labor & Employ. Art., 3-401 *et seq.;* and the Maryland Wage Payment and Collection Act ("MWPC"), <u>Md. Code Ann.</u>, Labor & Employ. Art., 3-501 *et seq.*

3. Other current and former employees of Defendants are also entitled to recover unpaid overtime compensation and other wages for the reasons alleged in this complaint. Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, the above-named Plaintiffs are permitted to maintain this action "for and in behalf of . . . themselves and other employees similarly situated."

## II. <u>JURISDICTION</u>

4. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. §1367 (supplemental jurisdiction).

## III. <u>PARTIES</u>

5. Plaintiff Glenda Mancia resides at 5111 Bel Air Road, Baltimore, MD 21206, and was employed by Defendants from on or about December 2006, through on or about August 2007.

6. Plaintiff Maria Daysi Reyes resides at 3409 Esther Street, Baltimore, MD 21224, and is employed by Defendants.

7. Plaintiff Alfredo Aguirre resides at 3409 Esther Street, Baltimore, MD 21224, and is employed by Defendants.

8. Plaintiff Henri Sosa resides at 519 North Lakewood Avenue, Baltimore, MD 21205, and is employed by Defendants.

9. Plaintiff Sandra Suzao resides at 3314 Leverton Street, Baltimore, MD 21224, and worked for Defendants from on or about January 2006, to on our about December 2007.

10. Plaintiff Obulia Martinez resides at 115 North Milton Street, Baltimore, MD 21224, and worked from Defendants from on or about April 2006 through August 2006, and from on or about December 2007 through January 2008.

11. Pursuant to 29 U.S.C. 216(b), the above-named Plaintiffs have consented in writing to being plaintiffs in this action. Their consent forms [are] were attached as Exhibit "A" to the original Complaint.

12. Defendant Mayflower Textile Services Company is a Maryland corporation with places of business in Maryland. Defendant is an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

13. Defendant Mayflower Healthcare Textile Services, LLC is a Maryland corporation with places of business in Maryland. Defendant is an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

14. Defendant Mayflower Surgical Service, Inc. is a Maryland corporation with places of business in Maryland. Defendant is an enterprise engaged in

interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

15. Defendant Mayflower Uniforms and Medical Supplies LLC is a Maryland corporation with places of business in Maryland. Defendant is an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

16. Defendant Lunil Services Agency, LLC is a Maryland corporation with places of business in Maryland. Defendant is an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

17. Defendants Argo Enterprises, Inc., and Argo Management Group, Inc. are Maryland corporations with places of business in Maryland. Defendants are enterprises engaged in interstate commerce within the meaning of the FLSA, and the employers of Plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

17a. Defendant Valentin Abgaryan does business in Maryland as an employer of plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

18. Defendant Mukul H. Mehta, who does business in Maryland, is an employer of Plaintiffs within the meaning of the FLSA and the MWHL and MWPC.

19. Plaintiffs bring this action individually and as a collective action on behalf of a class of similarly situated employees under the FLSA, 29 U.S.C. §§ 207 and 216(b), to recover straight time compensation, overtime compensation,

6

20. liquidated damages and interest, and attorney's fees and costs, for Defendants' willful failure to pay them "time and one-half" for all hours worked in excess of 40 hours in any one work week, and other statutory violations.

20. Plaintiffs also bring claims individually and as a class action under Fed. R. Civ. P. 23, on behalf of other current and former employees of Defendants to recover straight time compensation, overtime compensation, interest, attorney's fees and costs, and treble damages under MWHL and MWPC, Md. Code Ann., Labor & Employ. Art., §3-413, §3-415, and §3-507.1(a).

21. Plaintiffs' class consists of all non-exempt employees of Defendants, who have been required to work overtime hours without being paid time and one-half their regular hourly rate, and who have had deductions illegally taken from their paychecks in violation of the FLSA, MWHL, and MWPC.

22. Plaintiffs meet the prerequisites of Fed. R. Civ. P. 23(a): the members of the class are too numerous to practicably join, significant common questions of law and fact exist, the named plaintiffs pose representative issues, and they will fairly and adequately represent the class interests.

23. Because Defendants have acted on grounds generally applicable to the class, making declaratory and injunctive relief appropriate, Plaintiffs also meet the prerequisites of Fed. R. Civ. P. 23(b)(2).

24. Because common class questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3).

## IV. STATEMENT OF FACTS

25. Plaintiffs and those similarly situated work or have worked in Defendants' laundry facility located in Belcamp, MD and/or other locations.

26. Plaintiffs have frequently worked for Defendants in excess of 40 hours in any one work week.

27. Pursuant to the FLSA and MWHL, Defendants are required to pay Plaintiffs, and those similarly situated, time and one-half their regular hourly rate for all hours worked in excess of 40 hours in any one work week.

28. Defendants have failed to pay Plaintiffs, and those similarly situated, time and one-half their regular hourly rate for all hours worked in excess of 40 hours in any one work week.

29. Defendants have deducted from Plaintiffs' pay, and the pay of those similarly situated, wages that are properly owed to Plaintiffs, and those similarly situated. To wit, certain class members have been "fined," that is, had their pay illegally reduced for failure to work on a given day.

30. Defendants have deducted from Plaintiffs' pay, and the pay of those similarly situated, wages that are properly owed to Plaintiffs, and those similarly situated. To wit, certain class members have been charged unconscionable fees for transportation to and from work.

31. No bona fide dispute exists as to the fact that Defendants are required to pay Plaintiffs, and those similarly situated, their overtime wages for all hours worked in excess of 40 hours in any given work week.

32. The wages Defendants withheld from Plaintiffs, and those similarly situated, were not withheld as a result of a bona fide dispute.

33. By statute Defendants are required to maintain records which document the number of days and hours that Plaintiffs, and those similarly situated, worked for Defendants.

34. The exact number of overtime hours worked, and overtime wages owed to Plaintiffs and those similarly situated will only be known through discovery.

35. Defendants knowingly and intentionally violated Plaintiffs' rights, and the rights of those similarly situated, under the federal and state wage payment statutes.

## COUNT I

### FAIR LABOR STANDARDS ACT

36. Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 35 above.

37. Defendants violated the FLSA by knowingly failing to compensate Plaintiffs, and those similarly situated, at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week, in violation of 29 U.S.C. §207(a)(1).

38. Defendants violated the FLSA, by illegally deducting from Plaintiffs' pay, wages earned by Plaintiffs, and those similarly situated, as referenced in paragraphs 29 and 30 above.

39. Defendants' actions in violation of 29 U.S.C. §207(a)(1) were willful.

40. Defendants are liable to Plaintiffs and their class members, under 29 U.S.C. §§ 207 and 216(b) of the FLSA, for their unpaid overtime compensation, plus an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

## MARYLAND WAGE AND HOUR LAW

(Denial of Overtime Compensation under Maryland Law)

41. Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 40 above.

42. Defendants violated the MWHL by knowingly failing to compensate Plaintiffs, and those similarly situated, at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week, in violation of Md. Code Ann., Labor & Employ. Art., §3-415 and §3-420.

43. Defendants violated the Md. Code Ann., Labor & Employ. Art., §§ 3-415 and 3-503, by illegally deducting from pay, wages earned by Plaintiffs, and those similarly situated, as referenced in paragraphs 29 and 30 above.

44. Defendants are liable to Plaintiffs and their class members, under Md. Code Ann., Labor & Employ. Art., §3-427, for their overtime compensation, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III

## MARYLAND WAGE PAYMENT AND COLLECTION ACT

(Failure to Pay Wages Owed for All Hours Worked)

45. Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1 through 44.

46. Pursuant to Md. Code Ann., Labor & Employ. Art., §§ 3-502 and 3-504, employers such as Defendants must give notice of the regular rate of pay, and pay that promised rate, for all hours worked in every pay period, and pay employees pursuant to the requirements of those statutes.

47. Defendants failed to pay Plaintiffs their promised and required wage rate for all hours worked, in violation of Md. Code Ann., Labor & Employ. Art., §§ 3-502 and 3-504.

48. By failing to compensate Plaintiffs at the required wage rate for all hours worked, Defendants have made unlawful deductions from Plaintiffs' pay in violation of Md. Code Ann., Labor & Employ. Art., § 3-503.

49. Defendants' failure to pay Plaintiffs, and those similarly situated, as required by Md. Code Ann., Labor & Employ. Art., §§ 3-502, 3-503, and 3-504, was done willfully and in bad faith, and not as the result of a bona fide dispute.

50. Pursuant to Md. Code Ann., Labor & Employ. Art., § 3-507.1, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that this Court:

a. Enter a declaratory judgment that Defendants violated Plaintiffs' rights under the FLSA, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Act;

b. Enjoin Defendants to comply with all applicable federal and state wage and hour laws;

c. Award each Plaintiff his or her unpaid overtime wages, plus liquidated damages as required by the FLSA;

d. Award to each Plaintiff his or her unpaid wages and plus treble damages under Maryland law;

e. Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b); <u>Md. Code Ann.</u>, Labor & Employ. Art., §§ 3-427(d) and 3-507.1; and

f. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

ANDALMAN & FLYNN

\_/s/_____
Daniel A. Katz, Bar No. 13026
8601 Georgia Avenue, Suite 604
Silver Spring, MD 20910
(301) 563-6685
email: dkatz@a-f.net

BROWN, GOLDSTEIN, & LEVY, LLP

\_/s/_____
C. Christopher Brown, Bar No. 01043
120 East Baltimore Street, Suite 1700
Baltimore, MD  21202
(410) 962-1030
email: ccb@browngold.com

Attorneys for Plaintiffs

F:\WDocs\CLIENTS\MANCIA.GLE\pleading\complaint.doc

13