**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| GLENDA MANCIA, *et al.* | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 1:08-CV-00273-CCB |
| | * |
| MAYFLOWER TEXTILE | * |
| SERVICES, INC., *et al.* | * |
| | * |
| Defendants. | * |

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES FOR PREVAILING ON DISCOVERY DISPUTE

COME NOW Plaintiffs, through undersigned counsel, and respectfully file this Motion requesting payment of attorney's fees for prevailing on the discovery dispute. After each defendant served discovery responses which were deficient, plaintiffs were required to pursue multiple motions to compel supplemental discovery responses from all defendants. In response to the motions and the Court order granting the motions in part, defendants served multiple, supplemental responses to plaintiffs' discovery requests.

Plaintiffs request that the Court award attorney's fees for a portion of the work necessary to compel defendants to comply with the discovery rules and serve adequate discovery responses. In support of this request for fees, plaintiffs state as follows.

Plaintiffs served interrogatories and document requests on all defendants on April 18, 2008. Plaintiffs' discovery requests sought documents and information relevant to plaintiffs' pursuits of their claims under the Fair Labor Standards Act. All defendants received extensions of time within which to serve their responses.

1

Defendants Mayflower, Lunil, and Mehta served their responses to the document requests on June 8, 2008. Their position, according to their subsequent oppositions to the motions to compel, was that they had produced all available and relevant documents that were not otherwise objectionable. As noted by the Court's opinion (document number 55), these responses did not comply with discovery requirements. In addition, numerous interrogatories were not answered and the answers were not signed. Defendant Argo served answers to interrogatories on June 20, 2008, and produced some documents on June 13, 2008.

Plaintiffs served motions to compel supplemental discovery responses on defendants Mayflower, Mehta and Lunil on June 25, 2008, and on defendant Argo on June 30, 2008. On July 14, 2008, Mayflower, Lunil and Mehta served a "consolidated response" to the motions to compel, and an amended "consolidated response" on August 1, 2008. On July 25, 2008, plaintiffs served each of those three defendants with a reply memorandum. Defendant Argo did not responded to plaintiffs' motion to compel supplemental discovery responses. The parties held a telephonic conference on August 1, 2008. A hearing was held by this Court on September 29, 2008, and the Court issued subsequent orders and a memorandum opinion.

Subsequent to that hearing, plaintiffs and defendants jointly filed document number 60, the "matrix" or "grid" addressing outstanding discovery issues. As noted in plaintiffs' submission, document number 61, the fact that defendants continued to serve multiple, piece-meal discovery responses -- even after the Court issued the September 29, 2008, ruling, and the October 15, 2008, Memorandum Opinion -- placed plaintiffs in the position of drafting and revising that "matrix" a number of times, to reflect defendants' latest discovery responses. After their numerous, additional document productions defendants then stated that, for many requests, there were no additional documents to be produced, or that defendants had no responsive

documents to specific requests.

Defendants served multiple, piece-meal responses to plaintiffs' document requests, with documents that were clearly responsive to those requests and not privileged. This indicates that there were no document requests which were "overbroad or burdensome" in the true meaning of those words – that it would have been overly laborious for defendants to respond to the requests, or that the requests were not directly relevant to plaintiffs' claims.

The supplemental responses served by defendants after they were served with the motions to compel are as follows. Defendants Mayflower, Lunil, and Mehta served supplemental document responses on: July 14, 2008 (9 documents); July 30, 2008 (67 documents); September 11, 2008 (21 documents); September 29, 2008 (3 documents); October 16, 2008 (29 documents); October 21, 2008 (111 documents); October 23, 2008 (4 documents); October 29, 2008 (36 documents); November 5, 2008 (25 documents); and December 12, 2008 (145 documents). These defendants served supplemental interrogatory responses on June 9, 2008; September 10, 2008; and October 21, 2008.

Defendant Argo produced supplemental documents on June 24, 2008 (23 documents); August 14, 2008 (19 documents); September 24, 2008 (2 documents); October 23, 2008 (29 documents); November 3, 2008 (6 documents), and November 5, 2008 (2 documents). Again, defendant's reliance on previously stated objections has been abandoned, and its service of multiple discovery responses occurred solely because plaintiffs maintained – correctly – that Argo had not adequately responded to plaintiffs' discovery requests.

Contrary to defendants' initial position that they had served all responsive and relevant documents, the preceding history demonstrates that plaintiff's motions to compel, and subsequent efforts to secure the discoverable and responsive documents, are the reasons why the

vast majority of these discovery disputes now have been resolved.

As a result of the latest production of documents and interrogatory answers, plaintiffs have filed the first amended complaint.  The addition of new defendants will now result in additional discovery, discovery which could have been initiated months earlier had defendants produced readily available and discoverable documents when they should have been produced – or even within a few months of when they should have been produced.

Attached hereto is the declaration of Daniel A. Katz, one of plaintiffs' counsel.  As that document states, Mr. Katz maintains contemporaneous time records of all time spent working to the one-tenth of the hour.  The time requested for payment is a portion of the time plaintiffs' counsel spent on this discovery dispute, time spent only because defendants did not comply with discovery requirements.  Plaintiffs are requesting payment for one counsel's time only for this dispute, even though both Mr. Brown and Ms. Flanagan also worked extensively on these discovery issues.  It is only fair that the plaintiffs not bear the burden of defendants' failure to comply with discovery requirements over an extended period of time.

The attached time records demonstrate the following time spent by Mr. Katz and his legal assistant, Mr. Rincon-Camacho, as well as the billable amounts for that time, on this discovery dispute:

| Timekeeper | Billed hours | Non-billed hours | Fees Incurred |
| --- | --- | --- | --- |
| Daniel A. Katz ($300/hour) | 90.80 | 5.20 | $ 27,240.00 |
| Camilo Rincon-Camacho ($115/hour) | 5.20 | 1.00 | $      598.00 |
| Total | 96.00 | 6.20 | $27,838.00 |

Plaintiffs request payment of $23,622.00, or 85% of the $27,838.00 fees detailed above.

A proposed order is attached hereto.

                                      Respectfully submitted,

                                      ANDALMAN & FLYNN, P.C.

                                      _____/s/_____
                                      Daniel A. Katz, Esquire, Fed. Bar No. 13026
                                      8601 Georgia Avenue, Suite 604
                                      Silver Spring, MD  20910
                                      (301) 563-6685

                                      BROWN, GOLDSTEIN & LEVY, LLP

                                      _____/s/_____
                                      C. Christopher Brown, Fed. Bar No. 01043
                                      Jane R. Flanagan, Fed. Bar No.
                                      120 E. Baltimore St., Suite 1700
                                      Baltimore, MD  21202
                                      (410) 962-1030

                                      *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2008, a copy of the foregoing was served by the Court's electronic filing system to: Scott V. Kamins and Eric Pelletier, Esq., 8171 Maple Lawn Boulevard, Suite 200, Fulton, MD  20759; Neil S. Hyman, Esq., 4416 East West Highway, Suite 400, Bethesda, MD  20814; and Andrew T. Nichols, Esq., 410 N. Charles Street, Baltimore, MD 21201.

                                      _____/s/_____
                                      Daniel A. Katz

F:\WDocs\CLIENTS\MANCIA.GLE\pleading\motion for fees re discovery dispute.doc