IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLENDA MANCIA, et al.    :
             :
 Plaintiffs,      :
             :
v.            :  Case No. CCB 08 CV 0273
             :
ARGO ENTERPRISES, INC, et. al.  :
             :
 Defendants.     :

## DEFENDANT ARGO ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES FOR PREVAILING ON DISCOVERY DISPUTE

Defendant Argo Enterprises, Inc., by and through its counsel, Neil S. Hyman, and Selzer, Gurvich, Rabin and Obecny, Chtd, and Andrew T. Nichols and Rollins, Smalkin, Richards & Mackie, L.L.C., files its Opposition to Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute, and in support thereof states:

1. Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute ("Motion") fails to take into consideration the undisputed fact that there has been **no order** from this Court finding that any party in this case is entitled to sanctions for any alleged discovery violations.

2. Plaintiffs request for sanctions is pursuant to Fed. R. Civ. P. 37.

3. Plaintiffs' Motion is deficient on its face for failure to comply with Fed. R. Civ. P. 37.

4. No motion filed pursuant to Fed. R. Civ. P. 37 was granted in the case *sub judice* by this Court. Therefore, Plaintiff has no basis to request payment of expenses, under Fed. R. Civ. P. 37(a)(5).

5.      Judge's Grimm's Memorandum Opinion (Document 55-3) ("Opinion") did not grant any of Plaintiffs' Motions to Compel Supplemental Discovery Responses against the Defendants, and namely Defendant Argo.  Additionally, it is noteworthy that none of Plaintiffs' Motions to Compel Supplemental Discovery Responses contained the certification of good faith required under Fed. R. Civ. P. 37(a)(1).

6.      While Judge Grimm's Opinion does state that the Court had concerns about the discovery process, the Court's concerns included the conduct of **all** parties.  "During the hearing I raised with counsel my concerns about the objections that had been filed by Defendants, as well as concerns about the breadth of the Plaintiffs' discovery requests, and the possibility that they were excessively broad and costly, given what is at stake in this case."  See Opinion, pp. 6-7.

7.      Fed. R. Civ. P. 37 states that if a motion filed under this rule is granted, or discovery is provided after the motion is filed, the court must require the party whose conduct "necessitated the motion" to pay the movant's reasonable expenses.  However, Fed. R. Civ. P. 37 also enumerates three circumstances under which the Court "must not" order this payment:

(i)      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)     the opposing party's nondisclosure, response or objection was substantially justified; or

(iii)    other circumstances make an award of expenses unjust.

8.      As previously stated, Plaintiffs' Motions to Compel Supplemental Discovery Responses lacked the required certification of good faith.  Additionally, in Judge Grimm's Opinion, he stated that the discovery dispute appeared to be one that could be resolved or substantially minimized by greater communication and cooperation between counsel.  "It is apparent that the process outlined above requires that counsel cooperate and communicate, and I note that had these steps been taken by counsel at the start of discovery, most, if not all of the

2

disputes could have been resolved with involving the court." See Opinion, pg. 29. Plaintiffs initiated discovery in this matter without a meet and confer or any other preliminary communications to discuss the scope of discovery with the Defendants.

9.      Plaintiffs filed their Motions to Compel Supplemental Discovery Responses prior to making any good faith attempts to resolve the alleged disputes. Instead, Plaintiffs chose to file their Motions to Compel Supplemental Discovery Responses in violation of the requirements of Fed. R. Civ. P. 37.

10.     Judge's Grimm's statement that all parties and counsel could and should work to communicate and attempt to resolve the disputes indicates that no party was without fault. In fact, Judge Grimm ordered "counsel to meet and confer in **good faith**." See Opinion, pg. 27. (Emphasis added).

11.     Based upon Judge Grimm's Opinion, and the facts of this case, Fed R. Civ. P. 37(a)(5)(A)(i) and (iii) would apply and bar Plaintiffs from recovering any expenses.

12.     If the Court were to determine that Plaintiffs were entitled to expenses, then based upon Judge Grimm's Opinion that he had concerns regarding the conduct of Plaintiffs and Defendants, and his belief that greater communication and cooperation was needed, Defendant Argo would be entitled to payment of reasonable expenses, should it make a motion.

13.     Judge Grimm never granted any of Plaintiffs' Motions to Compel Supplemental Discovery Responses. In fact, Judge Grimm required that the parties made a good faith attempt to resolve the issues and explained that if there were continued disputes, he would address those.

14.     In Judge's Grimm's Order relating to the "matrix" or "grid" filed by all parties, he indicates that all of the disputes have been resolved and the only continuing duty placed on Defendant Argo is to supplement any responses as necessary.

15.     Therefore, Plaintiffs' position that they "prevailed" on the discovery dispute is without merit and unequivocally wrong.

16.     Plaintiffs' counsel has made an issue of the numerous supplemental document productions by Defendant Argo.  Defendant Argo, has simply complied with the requirements of the Federal Rules of Civil Procedure and provided supplemental and additional documents as they have been located, discovered and/or created.  If Defendant Argo did not make these supplementations, or chose to wait until all of the documents were available before responding to Plaintiffs' discovery requests, Plaintiffs would no doubt be alleging they had been prejudiced. Plaintiffs cannot have it both ways.

17.     Additionally, Plaintiffs allegations contained in their Motion that the supplemental discovery responses from Defendant Argo necessitated the filing of an Amended Complaint are again without merit.  In Defendant Argo's original production of documents to Plaintiffs, mailed on or about June 13, 2008, Defendant Argo produced a "Labor Services Agreement" between Argo Management Group, Inc. and Mayflower Healthcare.  The top of the Labor Services Agreement has the logo, name, and contact information for Argo Management Group, Inc., written in bolded, large font.  This document is signed and executed by Valentin Abgaryan, President.  Mr. Abgaryan was identified in Defendant Agro's Answers to Plaintiffs' Interrogatories, which were served on June 10, 2008.  Both Argo Management Group, Inc. and Valentin Abgaryan were added as additional defendants in Plaintiffs' First Amended Complaint (Document 68), filed on December 1, 2008, nearly six (6) months after Defendant Argo's initial production of documents to Plaintiffs and the service of Defendant Argo's Answers to Interrogatories.  For Plaintiffs to now allege that Defendant Argo's supplemental productions were the reason for the filing of the First Amended Complaint is false.  Plaintiffs were in

4

possession of this information for nearly six months and either failed to realize it, or chose to not act on it.  Regardless, the onus was on Plaintiffs to act.

18.     Furthermore, the timing of the filing of Plaintiffs' Motion disturbs Defendant Argo.   On December 15, 2008, Plaintiffs' counsel contacted Defendant Argo's counsel requesting consent to extend the time for opting-in by additional Plaintiffs.  Defendant Argo's counsel, in good faith, consented to this request, as evidenced by the filing of the Consent Motion for Extension of Time to Opt-In (Document 72) on December 19, 2008.  This is the same day that Plaintiffs filed their Motion for Attorney's Fees for Prevailing on Discovery Dispute. Defendant Argo finds it puzzling that when Plaintiffs were requesting counsels' consent, they failed to mention that they would be filing a Motion for Attorney's Fees for Prevailing on Discovery Dispute.  This is an abuse of the good faith extended by Defendant Argo in granting its consent without knowledge that Plaintiffs' counsel would be requesting expenses for which Plaintiffs have no basis for under the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Argo Enterprises, Inc respectfully requests that this Honorable Court:

A. Deny Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute;

B. Grant such further relief as this Court deems necessary under the facts and circumstances of this case.

Respectfully submitted,

ARGO ENTERPRISES, INC.
DEFENDANT
BY COUNSEL

Selzer, Gurvich, Rabin and Obecny, Chtd
4416 East West Highway
Fourth Floor
Bethesda, Maryland 20814
P: 301.986.9600
F: 301.986.1301


_____/s/_____
Neil S. Hyman
Fed Bar No.: 15158
Counsel for Defendant Argo Enterprises, Inc.

Rollins, Smalkin, Richards & Mackie, L.L.C.
401 N. Charles Street
Baltimore, Maryland 21201
P: 410.727.2443
F: 410.727.8390


_____/s/_____
Andrew T. Nichols,
Fed Bar No. 16655
Counsel for Defendant Argo Enterprises, Inc.

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 2nd day of January 2009, a copy of Argo Enterprises, Inc.'s

Opposition to Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute was

sent by electronic mail to:

C. Christopher Brown, Esquire
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Attorney for Plaintiffs

Daniel A. Katz, Esquire
Andalman & Flynn, P.C.
8601 Georgia Avenue, Suite 604
Silver Spring, Maryland 20910
Attorney for Plaintiffs

Eric Pelletier, Esquire
Scott Kamins, Esquire
Offit Kurmin
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, Maryland 20759


_____/s/_____
Andrew T. Nichols


S:\Andy Nichols\Personal cases\Argo Enterprises, Inc\Pleadings\Defendant Argo's Opposition to Plaintiffs' Motion for Attorneys' Fees(3).doc