IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| GLENDA MANCIA, et al., | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 1:08-CV-00273-CCB |
| MAYFLOWER TEXTILE SERVICES, CO., et al., | * |

## OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

Defendants, Mayflower Healthcare Textile Services, LLC ("MHTS"), Lunil Services Agency, ("Lunil") and Mukul Mehta ("Mehta"), (hereinafter collectively referred to as the "Mayflower Defendants"), by their undersigned counsel, oppose Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute" (hereinafter the "Motion for Attorney's Fees"), and in support hereof state:

On December 19, 2008, Plaintiffs filed their Motion seeking an award of attorney's fees totaling $23,622 related to Motions to Compel they filed in this case on August 14, 2008. There are several reasons why the Court should deny the Motion for Attorney's Fees.

### I. The Underlying Motions Did not Comply with Applicable Rules

#### A. Plaintiffs' Failure to Communicate with Defendants before Serving the Motions to Compel is a Material Reason to Deny the Motion for Expenses

Local Rule 104 governs procedures in this Court regarding Motions to Compel. *Randall v. Creative Hairdressers*, 2008 WL 4738933 at *4 (D.Md 2008). Failure to follow Rule 104's procedures ordinarily results in denial of a Motion to Compel. *Id.*

Local Rule 104.8 a.-b.'s procedures have counsel first "serve" the motion on counsel without filing it in court, and then "file" the motion in court after all briefing is complete. L.R. 104.8. The result of this process is that the matter is fully briefed before the "notice" of service of a Motion to Compel is filed in court along with all of the briefs. However, Local Rule 104.8 states that before a party who is dissatisfied with discovery responses may initially "serve" a Motion to Compel, that party must first communicate with the opposing party regarding the dispute and be "unable to resolve" it. L.R.104.8.a. Rule 104.8 makes preliminary resolution attempts prerequisites to proceeding with a motion to compel.

In this case, Plaintiffs did not make the preliminary communications that Rule 104.8 requires to try to resolve the matter prior to drafting or serving the Motions to Compel. Instead, without any forewarning, Plaintiffs began the briefing process. The Mayflower Defendants first learned about this discovery dispute from Plaintiffs' June 25, 2008 letter transmitting the Motions to Compel, which states: "The responses ... were incomplete and ... nonresponsive. ***Concurrent with this letter***, Plaintiffs serve motions to compel...." **Exhibit 1** (Emphasis added). Plaintiffs' L.R. 104.7 certificate confirms this order of events and the lack of any communication before serving the Motions to Compel, as do the time records attached to Plaintiffs' Motion for Attorney's Fees, which also show that Plaintiffs' counsel began drafting the Motions to Compel on June 17, 2008. The only resolution attempts Plaintiffs made came *after* the motions, oppositions, and replies were exchanged. Plaintiffs' failure to contact the Mayflower Defendants at all regarding the discovery responses before serving the Motions to Compel as Rule 104 requires warrants denial of the motions. *See generally, Pavone v. Trans Union*, 2008 WL 5159037, *2 (E.D. Mich. 2008) (expenses denied under Rule 37 where moving party only allowed two hour warning before filing motion to compel).

2

On August 1, 2008, after the Motions to Compel were fully briefed, a meeting of counsel occurred. Plaintiffs' Motion for Attorney's Fees portrays Defendants as uncooperative, but the Mayflower Defendants had already supplemented their discovery responses *before* the August 1 meeting, and supplemented the responses again after the meeting. **Exhibit 2, Exhibit 3.** During the August 1 meeting, the Mayflower Defendants' counsel asked that Plaintiffs refrain from formally filing the Motions to Compel until after Defendants had the opportunity to relay to the Mayflower Defendants the points that Plaintiffs' counsel raised during the meeting, seek additional materials (which were obtained and provided to Plaintiffs), re-evaluate certain objections in light of the parties' discussions, and have a follow up discussion with Plaintiffs' counsel. **Exhibit 4.** Despite agreement on this issue, Plaintiffs formally "filed" the Motions to Compel on August 14, 2008,[1] without any further discussion. **Exhibit 3, Exhibit 4.** Under the circumstances, Plaintiffs were overzealous and thus the Court should deny the requested expenses. *See Huertas v. City of Camden*, 2008 WL 4845241, *5 (D. N.J. 2008) (court denies sanctions and expenses for lack of good faith where Plaintiff filed motion even though Defendant advised that it would make a further search of records and was in process of doing so).

Plaintiffs' failure to preliminarily tell Defendants that they found Defendants' discovery responses to be insufficient is significant because it meant that the Mayflower Defendants did not know that Plaintiffs took issue with Defendants' discovery responses before the Motions to Compel were drafted and served. This rendered the Mayflower Defendants completely unable to head off or at least narrow this dispute *before* Plaintiffs incurred the expense of writing three separate Motions to Compel. The same can be said for the failure to have further discussions

---

[1] During the Friday August 1, 2008 meeting, Mayflower Defendants' counsel was advised that Plaintiffs' counsel (Mr. Katz) was going out of town on summer vacation and would be unavailable for at least the following week. *See* **Exhibit 4**, at ¶5.

3

before formally filing the Motions to Compel, as agreed, or even inquire if having a follow-up meeting was worthwhile.

The Court's Memorandum Opinion commented on this failure of communication, and stated: "I note that had these steps been taken by counsel *at the start of discovery*, most, if not all of the disputes could have been resolved without involving the Court." Document 55-3 (September 29, 2008 Memorandum Opinion) at p. 29 (Emphasis added). The Memorandum Opinion also observed that the, "dispute appeared to be one that could be resolved or substantiality minimized, by greater communication and cooperation between counsel and the parties...." which is ultimately what got this matter resolved. *Id.* at p. 7.

Plaintiffs did not make the preliminary "pre-service" communications required by L.R. 104.8. Instead, without any warning, Plaintiffs served Defendants with three motions to compel. The Court should deny Plaintiffs' Motion for Attorney's Fees for non-compliance with this aspect of Rule 104.

### B. The Failure to Initially Communicate Should Be Found to Violate Rule 37 (a)(5)(A)(i), Which **Warrants Denial of the Motion**

Federal Rule of Civil Procedure 37 also governs procedures pertaining to motions to compel and attorney's fee awards. Rule 37 states that the Court must not order payment of attorney's fees if, "the movant filed the motion before attempting in good faith to obtain the disclosure without court action." Fed. R.Civ. P. 37 (a)(5)(A)(i).

While the processes that L.R. 104.7-.8 establishes differ slightly from those of Rule 37, "serving" a motion to compel under Rule 104.8 is comparable to "filing" a brief under Rule 37 because "service" starts the briefing process in the same manner that filing in court would start the briefing process in jurisdictions that solely follow Rule 37. Communication between counsel

4

before briefing begins can narrow or eliminate disputes or clarify the issues in dispute. Therefore, immediately serving a Motion to Compel without discussing the dispute *at all* with Defendants (as described above) is tantamount to filing the motion to compel "before attempting in good faith to obtain the disclosure without court action…", as set forth in Rule 37 (a)(5)(A)(i). The same is true of Plaintiffs' decision to formally "file" the Motions on August 14th without the follow-up discussion that counsel had agreed to have. This is not the type of good faith effort that Rule 37 requires. This failing warrants denial of the Plaintiffs' request for attorney's fees.

## II. The Court May Deny Expenses Where Other Circumstances Make An Award Unjust

Alternatively, the Court may deny an award of expenses where "other circumstances make an award of expenses unjust." Fed. R.Civ. P. 37 (a)(5)(A)(iii). If the Court finds that Plaintiffs' actions did not violate Rule 37 (a)(5)(A)(i) or Local Rule 104-8.a, then it should find that the circumstances described above do not warrant an award of the very large amount of attorney's fees sought.

### A. The Fees Sought are Not Reasonable Where Plaintiffs took Unreasonable Positions

Plaintiffs took unreasonable positions during negotiation of the motions. As discussed above, Plaintiffs served the motions without any prior communications with Defendants and then formally filed the motions, despite agreeing to discuss the matter further before filing. **Exhibit 4,** at ¶6.

Plaintiffs persisted in disputing and briefing items that they were continually told do not exist, or that the Mayflower Defendants do not have. For example, Plaintiffs briefed and re-briefed their position regarding "Exhibit A" that is mentioned in the MHTS-Argo contract, even

5

though they had repeatedly been told since the origins of this dispute that MHTS (and for that matter, Argo) did not have an "Exhibit A" to the MHTS-Argo Agreement.

Likewise, while most of the requested personnel files were produced, Plaintiffs were told that certain personnel files or particular documents could not be located, or that particular individuals simply did not work for these Defendants. *See* **Exhibit 3**. Nonetheless, Plaintiffs persisted in pursuing these items in the Motions to Compel.

Plaintiffs sought materials that they were not entitled to have, such as Defendant Mukul Mehta's individual tax return. *See Payne v. Howard*, 75 F.R.D. 465 (D.D.C. 1977) (tax returns are not discoverable where income of individual is not at issue); *see also* Exhibit 5 to Paper 42, p. 24, n. 3 (citing additional cases). Plaintiffs persisted in seeking disclosure even though cases that Plaintiffs cite in their Motions to Compel acknowledge that an individual defendant's income is not relevant in the context of an FLSA dispute. *See Brock v. Hamad*, 867 F.2d 804, 809 (4th Cir. 1989).

The Plaintiffs' unyielding and unreasonable persistence on these items was needless and unproductive. Under the circumstances, including those times when Plaintiffs continued to pursue the motion seeking documents for persons that the Mayflower Defendants did not employ, Defendants' positions were substantially justified. The Court's Memorandum Opinion even commented on the scope of Plaintiffs' requests, stating that it had "concern[s] about the breadth of the Plaintiff's discovery requests and the possibility that they were excessively broad and costly, given what is at stake in the litigation." Memorandum Opinion at p. 7. The Court should not award Plaintiffs attorney's fees for the Motions to Compel because, under the circumstances, doing so would be unjust.

### B. Where, as Here, the Motion is Granted In Part and Denied in Part, Rule 37 Allows the Court to Apportion Expenses and Have Each Party Bear their Own Expenses

Rule 37 permits a party prevailing in a discovery dispute to seek "reasonable" expenses including attorney's fees. Fed. R.Civ. P. 37 (a)(5)(A). The Court did not enter an order compelling Lunil or Mehta to make additional productions. Thus, ultimately, the Motions to Compel were denied as to those parties, and no fees or expenses should be assessed against them.

The Court's September 29, 2008 Order granted *and denied* the Plaintiffs' Motion to Compel with respect to MHTS. In that circumstance, Rule 37 allows to further "apportion reasonable expenses for the motion." Fed. R.Civ. P. 37 (a)(5)(C). Plaintiffs sought orders compelling MHTS to produce additional materials with respect to eleven of Plaintiffs' requests. However, of these eleven requests, the Court only compelled two items to be produced. Therefore, the Motion to Compel was overwhelmingly unsuccessful. This outcome justifies having the parties bear their own costs concerning the Motion to Compel. *See Greater Rockford Energy & Technology Corp., v. Shell Oil Co.*, 138 F.R.D. 530, 538 (C.D. Ill. 1991) (ordering the parties to bear own costs after granting motion on one item sought, and denying motion for 14 others).

The Attorney's Fee Motion recites dates when these Defendants supplemented their discovery responses to try to suggest that the Motion to Compel caused the supplementation. *See* Attorney's Fee Motion, at pp. 2-3. This assertion is notably lacking in detail and, consequently, is misleading.

In one case, there was confusion about the names of two workers. Defendants had produced materials believing that the name belonged to one person (who also uses an alias), when they really were two separate workers. This confusion was ultimately clarified, and

responses were supplemented because of a telephone discussion between counsel, not by the Motion to Compel. In another case, Defendants supplemented their responses after a new Plaintiff, Joel Carias, opted into the case after the Mayflower Defendants served their initial discovery responses. This production also resulted from a telephone call, not from the Motions to Compel.

Plaintiffs insisted that MHTS re-produce dozens of pages (equivalent to 10% of the total of all documents that had been produced at the time) of checks from MHTS to Lunil and Argo because Plaintiffs' counsel found the first production hard to read. Defendants re-produced them.[2] This supplementation also resulted from a telephone call.

So while it is true that there were occasions after the Motions to Compel were filed when these Defendants supplemented their discovery responses, many of the productions had nothing to do with a particular objection or the Motions to Compel.

Similarly, the Mayflower Defendants had nothing to do with Plaintiffs' decision to amend the Complaint to add Defendants who appear to be related to Argo. The implication (Attorney's Fee Motion, p. 4) that the Defendants, and particularly the Mayflower Defendants, had anything to with amendment of the Complaint is baseless.

In sum, the Motions to Compel were predominately unsuccessful. The supplemental productions that occurred were largely routine supplementation after misunderstandings were clarified or otherwise resulted from the parties working out their differences.

### C. The Fees Sought Are Not Reasonable

Plaintiffs have not shown that the fees they seek are reasonable. Plaintiffs seek $23,622 in fees for this dispute. Out of the 29 specific requests and interrogatories addressed in the

---

[2] This is true even though the allegedly "illegible" checks had legible computer generated information showing the date the check was paid and the amount paid superimposed in type by the bank underneath each check. **Exhibit 5.**

8

motion, 21 items related to MHTS, Lunil and Mehta. Of those 21 items, 19 resulted in a ruling by the Court that no further production was required. Neither Lunil nor Mehta (to whom 10 of the 21 requests were directed) were compelled to produce further materials. This indicates that Plaintiffs' request for $23,622 in fees is unreasonable. If the Court was inclined to award fees, the fees should be proportionally and dramatically reduced.

### D. Plaintiffs Should Not be Awarded Fees for Items Not Associated with the Motions to Compel

Even if the Court was inclined to award fees, it should not award fees for activities performed that were not necessitated by the Motions to Compel. The Motions to Compel are dated June 25, 2008, and there were no communications between the parties regarding the motions before they were served. Therefore, the various time entries for sending and receiving e-mails before June 25, 2008, cannot be said to relate to the Motions to Compel and should not be compensated. For example, the first entry (6/16/08) in the time records regarding "letter to opposing counsel" predates the Motions to Compel. The letter, which either requests review of documents (**Exhibit 6**) or transmits Plaintiffs' discovery responses to Defendants' counsel (**Exhibit 7**), has nothing to do with the Motions to Compel.

The time records supporting the Motion for Attorney's Fees also contain several entries where Plaintiffs seek fees for routine discovery tasks that should be seen as routine "housekeeping," and must be performed during discovery, independent of a Motion to Compel. Examples of housekeeping items include: "review documents produced" (6/17/08 - 4.5 hr.); "download supplemental Mayflower documents" (7/30/08 - .20 hr.); receive and review and catalogue wage documents (8/14/08- 1.5 hr.); download and review supplemental discovery (911/08- 1.3 hr.); (9/30/08- .20 hr.); (10/21/08 - .50 hr.); (10/22/08 - .20 hr + .20 hr); (10/24/08- 1.5 hr.); (10/29/08 1.5 hr.) and (11/05/08 - .40). These are activities Plaintiffs' counsel has to do

9

anyway to evaluate and manage documents that may be relevant to his clients' claims and prepare his case. Defendants should not be held responsible for this.

### E. **The Motions Were Cumulative and Redundant**

Next, the Court should not award the Plaintiffs' attorney's fees where the Motions to Compel were cumulative and redundant. For example, Plaintiffs filed *three* Motions to Compel against the Mayflower Defendants. The motion filed against Mehta was short and ultimately unsuccessful, as no further production was required.

Like the discovery requests themselves, the Motions to Compel filed with respect to MHTS' and Lunil's discovery responses were largely redundant, and this redundancy is reflected in the fees Plaintiffs seek. The Court recognized this in its Memorandum Opinion and ordered the Plaintiffs to "determine whether Plaintiffs' "legitimate additional discovery needs could be fulfilled from non-duplicative ... sources than those currently sought by the Plaintiffs." Memorandum Opinion, p. 28.

To attempt to streamline discussion of the redundant requests, the Mayflower Defendants filed a Consolidated Opposition to the Motions to Compel (the "Consolidated Opposition"). The Consolidated Opposition grouped the similar or identical requests that Plaintiffs sent to Lunil and to MHTS, so that there would be one discussion in response to all items that address the same topic. The Consolidated Opposition eliminated the need to prepare three separate briefs which would have merely set out the same discussions twice. Plaintiffs could have consolidated their briefs in this same way, but instead pursued separate motions (and reply briefs) containing overwhelmingly redundant discussions which amplified the time Plaintiffs' spent formatting and finalizing the motions. In short, Plaintiffs' approach to the Motions to Compel appears to have unnecessarily inflated the time spent on these motions and inflated the cost of creating them.

## III. Conclusion

Defendants should not be ordered to pay expenses in this case. Plaintiffs did not follow the applicable rules and, thus, deprived this process of the communication that the Court determined was necessary and lacking. Local Rule 104.8.a and Federal Rule 37 (a)(5)(A)(i) preclude a fee award in this instance. Moreover, Lunil and Mehta should not have to pay expenses under any circumstance since the Motions to Compel were not successful. Should the Court award expenses, the $23,622 sought should be dramatically reduced to eliminate unrelated and redundant work billed to this matter, should be pro-rated appropriately between the parties, and should be apportioned to relate to the relative lack of success of the motions.

Respectfully submitted,

_____/s/_____
Scott V. Kamins, Fed. Bar No. 22591
Eric Pelletier, Fed. Bar. No. 12716
Offit Kurman, P.A.
8171 Maple Lawn Boulevard, Suite 200
Maple Lawn, MD 20759
301-575-0347
Fax: 301-575-0335

*Counsel for Defendants, Lunil Services Agency, LLC, Mukul Mehta, Mayflower Healthcare Textile Services, LLC, Mayflower Textile Services, Co., Mayflower Surgical Services, Inc. Mayflower Uniforms and Medical Supplies, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of January, 2009, a copy of Defendants' Opposition to Plaintiffs' Motion for Attorney's Fees was served electronically, via the Court's ECF system, upon:

    Neil Hyman, Esq.
    Selzer Gurvitch Rabin & Obecny, Chtd.
    4416 East West Highway, 4th Floor
    Bethesda, Maryland 20814-4568
    *Counsel for Argo Enterprises, Inc.*

    Andrew T. Nichols, Esq.
    Rollins Smalkin, Richards & Mackie, LLC
    401 N. Charles Street
    Baltimore, Maryland 21201
    *Counsel for Argo Enterprises, Inc.*

    Daniel A. Katz, Esq.
    Andalman & Flynn, P.C.
    8601 Georgia Avenue, Suite 604
    Silver Spring, Maryland 20910
    *Counsel for Plaintiffs*

    C. Christopher Brown, Esq.
    Jane R. Flanagan, Esq.
    Brown, Goldstein & Levy, LLP
    120 E. Baltimore St., Suite 1700
    Baltimore, Maryland 21202
    *Counsel for Plaintiffs*

                                   /s/
                                Scott V. Kamins, Fed. Bar No. 22591
                                Offit Kurman, P.A.
                                8171 Maple Lawn Boulevard, Suite 200
                                Maple Lawn, MD 20759
                                301-575-0347
                                Fax: 301-575-0335