UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

January 27, 2009

RE: *Mancia et al. v. Mayflower Textile Services Co., et al.*
CCB-08-00273[1]

**LETTER ORDER**

Dear Counsel:

This letter order addresses Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute, Paper No. 74, Defendant Argo Enterprises, Inc.'s Opposition to Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute, Paper No. 75, Defendants Mayflower Textile Services, Lunil Services Agency, and Mukul Mehta's Opposition to Plaintiffs' Motion for Attorney's Fees, Paper No. 76, Plaintiffs' Reply to Defendant Argo Enterprises, Inc.'s Opposition to Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute, Paper No. 79, and Plaintiffs' Reply to Defendants Mayflower Textile Services, Lunil Services Agency, and Mukul Mehta's Opposition to Plaintiffs' Motion for Attorney's Fees for Prevailing on Discovery Dispute, Paper No. 80. For the reasons stated herein, the Plaintiffs' Motion is DENIED. This letter order disposes of Paper Nos. 74-76, 79 & 80.

As stated in my September 29, 2008 Letter Order, Paper No. 52, the Plaintiffs' Motion to Compel Production of Documents and Supplemental Responses, Paper No. 42, was "GRANTED and DENIED IN PART."[2] As a result, Fed. R. Civ. P. 37(a)(4)(C) is applicable: "If [a motion for an order compelling disclosure or discovery] is *granted in part and denied in part*, the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(4)(C) (emphasis added). Thus, it is within the Court's discretion to determine whether awarding attorney's fees is appropriate in this case. *See, e.g.*, *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007) (stating that "[w]hether to impose sanctions [under Rule 37(a)(4)(C)] lies within the court's discretion); *Bailey v. SBC Disability Income Plan*, No. 05-4093-SAC, 2007 WL 141019, at *2-3 (D. Kan. Jan. 17, 2007) (finding that the court had discretion to award sanctions under Rule 37(a)(4)(C), and noting that sanctions were not warranted because both parties took "legitimate positions" on a motion to compel discovery); *Faulkner v.*

---

[1] This case has been referred to me by Judge Blake for the resolution of discovery disputes. Paper No. 45.

[2] *See also* Def. Argo's Opp. ¶ 4 ("*No motion* filed pursuant to Fed. R. Civ. P. 37 was *granted* in the case *sub judice* by this Court.") (emphasis added); Def. Mayflower's Opp. 7 ("The Court's September 29, 2008 Order *granted and denied* the Plaintiffs' Motion to Compel . . . .") (emphasis added).

*County of Kern*, No. 104CV05964OWWTAG, 2006 WL 133234, at *3 (E.D. Cal. Jan. 17, 2006) (finding judge has discretion in awarding sanctions and refusing to award attorney's fees after plaintiff's motion to compel was granted and denied in part, and noting that "all counsel erred in some measure").

      I find that the apportionment of expenses is not warranted in this instance. The purpose of the September 29th hearing, as well as the Memorandum Opinion, Paper No. 55, was to encourage communication and cooperation between the parties during the discovery process. At the hearing, I expressed concern that the discovery sought by the Plaintiffs appeared to be excessive and overly burdensome, and that the Defendants' responses to the Plaintiffs' discovery requests consisted of boilerplate, non-particularized objections, which violated the spirit and purpose of Fed. R. Civ. P. 26(g). *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357, 363-64 (D. Md. 2008). Accordingly, I ordered the parties to meet and confer in good faith to discuss the discovery requests, noting that most of the disputes could have been resolved at the start of the discovery process if counsel had effectively communicated with each other. *Id.* at 364-65.

      Once counsel for the parties met and conferred, they were ordered to submit any remaining discovery disputes to the Court for resolution. *See* Sept. 29, 2008 Letter Order. When I ruled on the remaining Rule 33 and Rule 34 discovery requests, I only granted two of the Plaintiffs' thirteen discovery requests for Defendant Mayflower, and one of the eight discovery requests for Defendant Argo. Also, I did not grant any of the Plaintiffs' discovery requests for Defendant Mehta and Defendant Lunil. This ruling reflected the fact that additional cooperation had occurred between the parties in the interim, and that no one party was solely responsible for the delay in the discovery process. The Plaintiffs limited some of their discovery requests, and the Defendants produced the requisite discovery in most instances; therefore, awarding of sanctions to either party is not warranted on the record presently before me.

      Although informal, this is an Order of the Court and shall be docketed as such.

                                                                                 /S/
                                              Paul W. Grimm
                                     United States Magistrate Judge

mvz