**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| GLENDA MANCIA, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:08-CV-00273-CCB |
| MAYFLOWER TEXTILE SERVICES, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO ARGO ENTERPRISES, INC.**

Pursuant to Fed. R. Civ. P. 34 and L.R. 104, Plaintiffs, by their undersigned attorneys, request that Argo Enterprises, Inc. ("Argo") respond to this Request for Production of Documents within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying on May 25, 2008 at 10:00 a.m., and continuing from day to day thereafter, until completed, at the offices of Brown, Goldstein & Levy, L.L.P., 120 East Baltimore Street, Suite 1700, Baltimore, Maryland 21202 or at such time and place as may be agreed upon by all counsel.

INSTRUCTIONS

1.      If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production, inspection, or copying:

  A. If you are withholding the document under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject mater of the document, the date of the document, and each other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

  B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration,

and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

  4. It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

  5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

  6. Plaintiffs reserve the right to request to view the original of any copy of a document provided in response to these Requests.

## DEFINITIONS

Notwithstanding any definitions set forth below, each word, term or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with the definitions:

  1. Communication: The term "communication" means the transmittal of information by any means.

  2. Concerning: The term "concerning" means relating to, referring to, describing evidence, or constituting.

  3. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents"

in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include documents and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26 (c), electronic mail and all information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. Occurrence/Transaction: The terms "occurrence" and "transaction" mean events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5. Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. Person: The term "person" is defined as any natural person or any business, legal or government entity, or association.

7. You/Your: The terms "you" and "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

8. The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. "All" means "any and all," "any" means "any and all." Including" means "including, but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

9. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

10. Mayflower laundry: The term "the Mayflower laundry" or "Mayflower laundry" means the commercial laundry plant facility owned and/or operated by some or all of the named Defendants in Belcamp, Maryland, and at which the Plaintiffs worked.

## DOCUMENT REQUESTS

1. The contract or contracts between each of the Mayflower entities and Argo, reflecting Argo's agreement to provide plant production workers for the Mayflower laundry for all the years in which the agreement or agreements between the Mayflower entities and Argo were in effect.

2. Any and all correspondence, e-mail, notes of oral conversations, and recordings of any other kind, including records of payments, that support the formation of a contract between Mayflower and Argo whereby Argo agreed to provide plant production workers for the Mayflower laundry plant, and any and all records that reflect the terms of said agreement.

3. Each document that reflects the hours worked by Glenda Mancía, Henri Sosa, Obdulia Martínez, María Daysi Reyes, Alfredo Aguirre, Sandra Suazo, Merlin Vigil (aka Dennis Amador), Maritza Guevara (aka Etelina Castro Calix), Albert Mancía (aka Miguel Mendoza),

Mayra Reyes (aka Tamaris Avila), Ada Lili Sosa Molína, Nuvia Gonzalez, Ana Zelaya, Jose Zelaya, and María Miranda for each pay period that each individual worked at the Mayflower laundry, including any time sheets, time records, sign-in sheets, attendance records, and printouts generated by a punch-in and punch-out clock. This request shall be supplemented to apply to the records and documents pertaining to other current and former production workers of the Mayflower laundry as they opt-in to this action.

      4.      Each document that concerns the wages earned by the individuals listed in Request No. 3 above, including any paychecks, pay stubs, and documents otherwise retained by Defendants. This request shall be supplemented to apply to the records and documents of other current and former workers of the Mayflower laundry as they opt-in to this action.

      5.      Each document that relates to employee policies or procedures, including employee handbooks and any documents that describe Argo's compensation practices and procedures.

      6.      Each document that supports your Answer and Affirmative Defenses to the Complaint or otherwise supports the contention that you are not liable to Plaintiffs as alleged in the Complaint in this matter.

      7.      Each document identified in your response to Plaintiffs' First Set of Interrogatories to Argo.

      8.      Any documents contained in the personnel files of each of the individuals identified in Request No. 3. This request shall be supplemented to apply to additional Plaintiffs who may opt-in to this action.

      9.      Written instructions or orientation guidelines provided to the production workers at the Mayflower laundry dealing with how they were to perform their respective tasks and

records reflecting that instructions and/or orientation were provided to the workers at the beginning of or otherwise during their work at the Mayflower laundry.

10. Job descriptions applicable to the work performed by each individual identified in Request No. 3.

11. Any documents describing or providing instructions about the use of equipment, tools, or special clothing operated or used by the production plant workers at the Mayflower laundry.

12. Any and all records, including invoices, checks, and calculations that show amounts paid by Mayflower to Argo either in a lump sum or on a periodic basis for Argo's recruitment, hiring, and sending production workers to work at the Mayflower laundry.

13. Copies of the title and registration of any vehicle(s) in which production workers of the Mayflower laundry were and are transported to and from work at the Mayflower laundry.

14. Any and all records showing discipline, reprimand, or change in employment status of the individuals identified in Request No. 3.

15. Any and all statements, notes, affidavits, or other recordings of statements by production workers of the Mayflower laundry in the possession of Mayflower, their officers, directors, employees, or agents about the payment of wages paid to the workers at the Mayflower laundry and/or their claims or inquiries about payment of overtime.

16. Any and all releases, disclaimers, or other agreements and statements obtained from current and former production workers of the Mayflower laundry purporting to disclaim their rights to back wages, including for non-payment of overtime bonus or premium for work in excess of 40 hours per week, and statements whereby production workers purportedly agreed to

withdraw as Plaintiffs in this lawsuit or agreed that they would not participate as opt-in plaintiffs or as witnesses in this lawsuit.

17. Copies of records showing the names of all production workers who worked at the Mayflower laundry during the last two pay periods of 2007, and copies of records showing the names of all production workers who worked at the Mayflower laundry during the first two pay periods of 2008.

18. All documents concerning any complaint, investigation, and response to, any complaint regarding unpaid wages or other grievance, whether written or oral, formal or informal, for the time period from 2005 to the present.

19. Copies of any W-2s, W-3s, 940s, 941s; Maryland Unemployment Insurance Quarterly contribution Report and all other tax documents or filings which were filed during the time that the individuals listed in Request No. 3 worked at the Mayflower laundry, showing the payments to said individuals and showing payments made to any tax authority on behalf of these individuals.

20. All documents provided to or by any expert engaged by Argo, any written report(s) made by the expert(s) concerning the subject matter on which the expert witness is expected to testify, the substance of the findings and the opinions to which the expert is expected to testify, a copy of each expert's curriculum vitae, and the caption and case number of all cases in which the expert has previously testified.

21. All documents that show the organizational structure, chart, or supervisory hierarchy in effect at the Mayflower laundry, as it applied to the production workers, from 2005 until the present.

22. All documents showing the relationship between Miguel Treviño and Argo.

23. All policies of insurance that you believe might pay for or indemnify any judgment in this case.

24. Any and all written statements whereby Mayflower laundry production workers agreed to Argo's withholding from his or her wages certain charges for transporting them to and from work at the Mayflower laundry, and any and all written statements whereby Mayflower laundry workers agreed to Argo's withholding of other charges and penalties, including but not limited to, for not agreeing to work overtime.

25. All documents reflecting the legal status and ownership of Argo Enterprises, Inc., including but not limited to: Articles of Incorporation, By-laws, amendments to Articles of Incorporation or By-laws, minutes of meetings of the Board of Directors from January 2005 to the present, stock certificates, and documents regarding distribution of income for the corporation.

Respectfully submitted,

ANDALMAN & FLYNN, P.C.

Daniel A. Katz, Fed. Bar No. 13026
8601 Georgia Avenue, Suite 604
Silver Spring, MD  20710
(301) 563-6685

BROWN, GOLDSTEIN & LEVY, LLP

C. Christopher Brown, Fed. Bar No. 01043
Teresa Elguézabal, Fed. Bar No. XXXXX
120 E. Baltimore St., Suite 1700
Baltimore, MD  21202
(410) 962-1030

Attorneys for Plaintiffs