**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| GLENDA MANCIA, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:08-CV-00273-CCB |
| MAYFLOWER HEALTHCARE TEXTILE SERVICES, LLC, *et al.*, | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO  VALENTIN ABGARYAN</u>

Pursuant to Fed. R. Civ. P. 34 and L.R. 104, Plaintiffs, by their undersigned attorneys, request that Valentin Abgaryan respond to this Request for Production of Documents and produce the following documents for inspection and copying within thirty (30) days of the date of this request.  The documents shall be produced at the offices of Brown, Goldstein & Levy, L.L.P., 120 East Baltimore Street, Suite 1700, Baltimore, Maryland 21202, and Andalman & Flynn, P.C., 8601 Georgia Avenue, Suite 604, Silver Spring, MD  20910.

<u>INSTRUCTIONS</u>

1. If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production, inspection, or copying:

    A. If you are withholding the document under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject mater of the document, the date of the document, and each other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6. Plaintiffs reserve the right to request to view the original of any copy of a document provided in response to these Requests.

## DEFINITIONS

Notwithstanding any definitions set forth below, each word, term or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with the definitions:

1. Communication: The term "communication" means the transmittal of information by any means.

2. Concerning: The term "concerning" means relating to, referring to, describing evidence, or constituting.

3. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates

undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26 (c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. Occurrence/Transaction: The terms "occurrence" and "transaction" mean events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5. Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. Person: The term "person" is defined as any natural person or any business, legal or government entity, or association.

7. You/Your: The terms "you" and "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

8. The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. "All" means "any and all," "any" means "any and all." Including" means "including, but not limited to." "And" and "or"

encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

9. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

10. Mayflower laundry: The term "the Mayflower laundry" or "Mayflower laundry" means the commercial laundry plant facility owned and/or operated by some or all of the named Defendants in Belcamp, Maryland, and at which the Plaintiffs worked.

## DOCUMENT REQUESTS

1. Your appointment books, calendars, date books, and other documents showing all your work and business meetings and appointments from 2006 to the present.

2. Any and all contracts of employment or for consulting services between you and any other defendant in this matter.

3. Any and all notes, correspondence, e-mails, documents, and other recordings reflecting your meetings with and conversations or communications with any production or supervisory employee at the Mayflower laundry from 2006 to the present.

4. Any and all notes, correspondence, e-mails, documents, and other recordings of meetings, conversations, and other communications between you and Mukul Mehta, Soni Shakti, and Miguel Trevino from 2006 to the present.

5. Any and all notes, correspondence, e-mails, and other recordings reflecting meetings, conversations, and other communications between you and an individual who works with the production workers at the Mayflower laundry, and who is known to them as "Emil," from 2006 to the present.

6. Any and all notes, correspondence, e-mails, and other recordings made or received by you regarding the employment status of any and all production worker at the Mayflower laundry, their hourly wages, hours worked, the quality and quantity of their work at the Mayflower laundry, discipline, and decisions to terminate employment, from 2006 to the present.

7. Any and all notes, correspondence, e-mails, and other recordings reflecting meetings, conversations, and other communications between you and any individual serving in a management or supervisory capacity at the Mayflower laundry, which in any manner concerns: employment at the Mayflower laundry; wages and salaries at the Mayflower laundry; staffing needs at the Mayflower laundry; personnel policies at the Mayflower laundry; Lunil Services Agency, LLC; Argo Enterprises, Inc.; and Argo Management Group, Inc.

8. Notes, e-mails, conversations, or other recordings you made or received about conversations and/or meetings with any of the workers at the Mayflower laundry regarding the wages paid to them and/or their inquiries about receiving or not receiving the overtime bonus or premium pay for hours worked in excess of eight hours per day or 40 per week.

9. Each document that supports your Answer and Affirmative Defenses to the Complaint, or otherwise supports the contention that you are not liable to Plaintiffs as alleged in the Complaint in this case.

Respectfully submitted,
ANDALMAN & FLYNN, P.C.


/s/_____
Daniel A. Katz, Fed. Bar No. 13026
8601 Georgia Avenue, Suite 604
Silver Spring, MD 20710
(301) 563-6685

BROWN, GOLDSTEIN & LEVY, LLP

_____
C. Christopher Brown, Fed. Bar No. 01043
Jane R. Flanagan, Fed. Bar No. 28249
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
(410) 962-1030

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2009, a copy of the foregoing was served by electronic mail and first class mail, postage prepaid, to: Scott V. Kamins and Eric Pelletier, Esq., 8171 Maple Lawn Boulevard, Suite 200, Fulton, MD 20759; Neil S. Hyman, Esq., 4416 East West Highway, Suite 400, Bethesda, MD 20814; and Andrew T. Nichols, Esq., 410 N. Charles Street, Baltimore, MD 21201.

_____
Daniel A. Katz

F:\WDocs\CLIENTS\MANCIA.GLE\RPD to Valentin Abgaryan.doc