IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GLENDA MANCIA et al., | * | Civil Action No. CCB-08-273 |
| Plaintiffs, | * | |
| v. | * | |
| MAYFLOWER TEXTILE SERVS. CO. et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

This Memorandum addresses the Plaintiffs' Renewed Motion to Compel the Argo Defendants to Produce Documents, Paper No. 101, and the Argo Defendants' Response in Opposition to the Motion, Paper No. 102. The Plaintiffs have not filed a Reply, and the time for doing so under D. Md. Local Rule 105.2(a) has passed. For the reasons stated herein, the Plaintiffs' Motion is GRANTED.

This is an employment wage dispute in which the Plaintiffs, individually and on behalf of all similarly situated employees, filed a collective action against the Defendants for declaratory and monetary relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Pls.' Am. Compl., Paper No. 68. The Plaintiffs contend that the Defendants violated § 207(a)(1) of the FLSA by knowingly failing to compensate Plaintiffs for overtime work and illegally deducting wages from the Plaintiffs' pay. *Id.* ¶¶ 37-40. The Plaintiffs further contend that the alleged failure to provide overtime pay was a violation of the Maryland Wage and Hour

1

Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. §§ 2-501 *et seq. Id.* ¶¶ 41-50.

On April 18, 2008, the Plaintiffs served interrogatories and requests for production of documents on the Argo Defendants.[1]  Certificate of Counsel 1, Paper No. 42.  Alleging that the Argo Defendants' responses were "inadequate," on June 30, 2008, the Plaintiffs served a Motion to Compel Supplemental Responses to Interrogatories and Document Requests on the Argo Defendants, Paper No. 42-9.  The Argo Defendants did not oppose the Plaintiffs' Motion.  Certificate of Counsel 1.  On August 18, 2008, the Plaintiffs filed their Motion to Compel with the Court.

In their Motion, the Plaintiffs raised concerns about twenty-five document requests and sought one supplemental interrogatory response.  Pls.' Mot. Compel 2-10.  On September 24, 2008, the Plaintiffs notified the Court of the resolution of twenty of those discovery disputes.  Pls.' Correspondence 3-4, Paper No. 50.  During a September 29, 2008 in-court hearing, I instructed counsel to attempt to resolve the discovery disputes and, if any disputes remained, then counsel was to submit them to the Court for resolution.  To guide this process, on October 15, 2008, I issued *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008), cautioning counsel to observe Fed. R. Civ. P. 26(g).

---

[1]  At the time of the April 18, 2008 discovery requests, the Argo Defendants consisted only of Argo Enterprises, Inc.  In the Plaintiffs' Amended Complaint, filed on December 1, 2008, the Plaintiffs added Defendants Argo Management Group and Valentin Abgaryan.  Pls.' Am. Compl. ¶¶ 17-17a.  The Plaintiffs now refer collectively to these three defendants as the Argo Defendants.

When the parties filed a November 11, 2008 status report, they still disagreed on a number of discovery issues, including whether the Argo Defendants had produced all documents related to their contract with Defendant Mayflower and whether the Argo Defendants actually had produced all documents regarding wages earned by the Plaintiffs. Status Report 14-23, Paper No. 60.

In a December 10, 2008 Letter Order, Paper No. 69, I ruled that the Argo Defendants need not produce any further documentation in response to the Plaintiffs' request for documents reflecting: (1) the contract between the Argo Defendants and Defendant Mayflower; (2) hours worked by the Plaintiffs; (3) wages earned by the Plaintiffs; and (4) amounts paid by Defendant Mayflower to the Argo Defendants. *Id.* at 20-22. In making my ruling, I accepted as accurate the representations of Defense counsel that certain requested documents did not exist and that such representations were made after the factual inquiry required by Fed. R. Civ. P. 26(g) and Fed. R. Civ. P. 11. *Id.* at 1.

On February 6, 2009, the Plaintiffs served requests for production of documents on the Argo Defendants.[2] Pls.' Renewed Mot. Compel 2. The Plaintiffs allege that the Argo Defendants did not serve any response to those requests. *Id.* at 2-3. The Argo Defendants do not deny this.

---

[2] Specifically, the Plaintiffs served the requests on Defendants Argo Management Group, Inc., and Valentin Abgaryan, who, as previously noted, were added as Defendants in the Plaintiffs' Amended Complaint.

On May 15, 2009, the Plaintiffs filed their Renewed Motion to Compel. In this Renewed Motion, the Plaintiffs allege that the Argo Defendants still have not fully complied with requests for two types of records: (1) basic time and pay records; and (2) documents detailing the contractual relationship between Defendant Mayflower and the Argo Defendants. Pls.' Renewed Mot. Compel 1. The Plaintiffs request an order requiring the Argo Defendants to "fully answer outstanding discovery" and to pay the Plaintiffs' attorney's fees for the prosecution of this Renewed Motion. *Id.* at 11.

The Plaintiffs contend that the Argo Defendants made untrue statements when they claimed earlier to have produced all documents regarding the contractual relationship between Defendant Mayflower and the Argo Defendants. *Id.* at 3-4. In support of this assertion, the Plaintiffs point to Defendant Abgaryan's deposition during which Plaintiffs' counsel presented three exhibits, each purporting to show a particular Plaintiff's pay rate. *Id.* at 4-5. Two of the documents indicated that the pay rate was $6.05 an hour, whereas the third document showed an hourly rate of $9.50. *Id.* Defendant Abgaryan admitted that he did not provide the document showing the higher rate, which reflected what Defendant Mayflower paid the Argo Defendants for the employees.[3] *Id.* The Plaintiffs argue that the discrepancy among discovery exhibits demonstrates that the Argo Defendants "consciously withheld relevant and responsive information regarding the contractual relationship between defendants .…" *Id.* at 5.

---

[3] The Argo Defendants provide workers for Defendant Mayflower's laundry service. Pls.' Renewed Mot. Compel 3. Defendant Mayflower pays the Argo Defendants a fee for each employee, and the Argo Defendants pay the workers. *Id.*

4

The Plaintiffs further allege that the Argo Defendants wrongly told the Court that they had produced all documents related to the Plaintiffs' earned wages. *Id.* at 8. In another exchange from Defendant Abgaryan's deposition, he admitted that he had produced only excerpts of timesheets, rather than full timesheets from Defendant Mayflower to the Argo Defendants showing the hours worked by the employees at the laundry. *Id.* at 5-6. When Plaintiffs' counsel requested that the Defendants produce the information "as it existed on Mr. Abgaryan's computer," Mr. Abgaryan responded that "[n]obody can instruct me what to do with my papers. These are my documents and I will do as I please." *Id.* at 7. As further evidence of the Argo Defendants' alleged failure to comply with discovery rules, the Plaintiffs point to the Argo Defendants' March 12, 2009 production of payroll records for five Plaintiffs and opt-ins, each of whom had been a party to the litigation by June 2008. *Id.* at 8. Though the records reflect the amounts paid in checks to these Plaintiffs and opt-ins for certain two-week periods, they do not reflect the gross pay received by the Plaintiffs and opt-ins. *Id.*

The Plaintiffs further contend that the Defendants have withheld the names of 107 potential opt-ins and have used computers to generate records for some Plaintiffs "in piecemeal fashion." *Id.* at 2, 8. While the Plaintiffs have requested all documents reflecting the days and hours worked by all Plaintiffs and opt-ins, the Plaintiffs assert that the Argo Defendants have produced computer-generated reports that do not provide specific hours worked for certain Plaintiffs. *Id.* at 9. Instead, the reports provide only a summary of the number of hours worked. *Id.* The Plaintiffs further allege that the Argo Defendants agreed by the end of their depositions to provide numerous documents, including tax returns, time sheets, and W-2s for the Plaintiffs. *Id.* By May 15, 2009, none of the documents had been produced. *Id.* at 10.

5

The Plaintiffs assert that they have tried to resolve these discovery disputes outside of court. *Id*. In particular, on April 22, 2009, the Plaintiffs wrote to opposing counsel to identify fifteen opt-ins for whom the Argo Defendants allegedly had not yet produced all relevant documents. *Id.* In a May 6, 2009 email, Defense counsel responded, providing information for two of the opt-ins and denying employment of the other thirteen opt-ins. *Id.* Plaintiffs' counsel questioned the credibility of this latter assertion, and on May 14, 2009, the Defendants produced information for the remaining thirteen opt-ins. *Id.*

In a terse response to the Plaintiffs' Renewed Motion to Compel, the Argo Defendants assert that they continue to produce documents "as they are able to locate them." Defs.' Resp. 1. As recently as the week of June 8, 2009, the Argo Defendants claim that they have provided wage and hour reports for the Plaintiffs that "cover[] nearly twelve months during the period in which Plaintiffs allege they were not paid all wages owed them." *Id.* at 2. The Argo Defendants further allege that the Plaintiffs' Renewed Motion to Compel is "vague and ambiguous . . . ." *Id.*

The Plaintiffs have provided three examples of apparent violations by the Argo Defendants of Fed. R. Civ. P. 37(a)(4), Fed. R. Civ. P. 26(g) and Fed. R. Civ. P. 11, including deposition testimony from Defendant Abgaryan. These apparent violations raise serious questions about the degree of candor of prior representations made to the Court by counsel for the Argo Defendants. These questions are not dispelled by the Argo Defendants' short, non-specific Response, as it fails to address, let alone rebut, the serious allegations made by the Plaintiffs. Of particular concern is the fact that in my December 10, 2008 Letter Order, I denied

the Plaintiffs' request for many categories of documents based on the factual assertion that they did not exist, or already had been fully produced. The Plaintiffs' Renewed Motion to Compel causes me to have concern that the representations that I relied on in my ruling were untrue. The Argo Defendants' Response does nothing to dispel this concern. Accordingly, I am ordering the following:

- The Plaintiffs' Renewed Motion to Compel is GRANTED. Within fourteen days, counsel for the Argo Defendants will meet in person with Plaintiffs' counsel. Defendant Abgaryan also will be present, as he has the personal knowledge needed to resolve the present dispute. During the meeting, Plaintiffs' counsel will provide a specific list of all documents (by category and, if possible, specific document type) that they still seek, as well as any additional information as to why they believe these documents exist and have not been produced. The Argo Defendants shall, within ten days thereafter, supplement their prior production of documents to fully address the deficiencies in their earlier production.

- In addition, a hearing has been scheduled for Friday, August 28, 2009, at 3:00 p.m., during which time the Argo Defendants and their counsel will be required to show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 26(g) and Fed. R. Civ. P. 11. In addition, they shall show cause why the Court should not order as a sanction that the Plaintiffs be permitted, at the expense of the Argo Defendants and their counsel, to have access to a mirror image, forensic copy of the electronically stored information of the Argo Defendants to be able to

search for documents responsive to their document production requests.  *See* Fed. R. Civ. P.  34(a)(1).

- Further, the Plaintiffs' request for an award of the costs associated with this pending Motion is GRANTED.  Within 10 days, the Plaintiffs shall submit a detailed list of costs and attorney's fees associated with this Renewed Motion.  The Argo Defendants will have five days to file a response, and the Plaintiffs will have five days to file a reply.

This Memorandum disposes of Paper Nos. 101 and 102.  A separate order implementing this ruling follows.

DATED: July 28, 2009                               /S/

Paul W. Grimm
United States Magistrate Judge