**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

August 25, 2009

RE: *Mancia v. Mayflower Textile Servs. Co.*
    CCB-08-0273

### LETTER ORDER

Dear Counsel:

     This letter order addresses Plaintiffs' Motion for Attorneys' Fees for Prevailing on Renewed Motion to Compel Defendants Argo Enterprises Inc., Argo Management Group, Inc., and Valentin Abgaryan to Produce Documents, Paper No. 111, Defendants Argo Enterprises, Inc., Argo Management Group and Valentin Abgaryan's Opposition to Plaintiffs' Motion for Attorneys' Fees for Prevailing on Renewed Motion to Compel Defendants Argo Enterprises, Inc., Argo Management Group and Valentin Abgaryan to Produce Documents, Paper No. 118, and the Plaintiffs' Reply to Defendants' Opposition to Motion for Attorneys' Fees for Prevailing on Renewed Motion to Compel Defendant Argo Enterprises Inc., Argo Management Group, Inc., and Valentin Abgaryan to Produce Documents, Paper No. 120. For the reasons stated herein, the Plaintiffs' Motion is GRANTED IN PART AND DENIED IN PART. This letter order disposes of Paper Nos. 111, 118, and 120.

*I. Background Facts*

     In a July 28, 2009 Memorandum and Order, Paper Nos. 106-07, I granted the Plaintiffs' Renewed Motion to Compel the Argo Defendants to Produce Documents, Paper No. 101. Accordingly, the Plaintiffs' request for an award of the costs associated with the Renewed Motion to Compel also was granted. *See* Ct. Mem. 8. On August 8, 2008, the Plaintiffs filed the instant Motion for Attorneys' Fees with the Court. In the Motion, the Plaintiffs provide a detailed list of the amount of time spent by Mr. Daniel A. Katz, Plaintiffs' counsel, and Mr. Camilo Rincon, Mr. Katz's paralegal, on the ongoing discovery dispute between the Plaintiffs and the Argo Defendants. The Plaintiffs assert that Mr. Katz and Mr. Rincon have been working on the dispute from February 23, 2009, to August 3, 2009. Based on contemporaneous timesheets for thirty specific dates, the Plaintiffs further state that Mr. Katz has spent 31.1 hours working on the discovery dispute, whereas Mr. Rincon has worked 2.3 hours. In total, the Plaintiffs argue that they have incurred $9,444.50 in fees.[1]  Pls.' Mot., Timesheets 1-4, Paper No. 111-3.

---

[1]Although Mr. Katz states that his hourly rate is $300.00, *see* Aff. Daniel A. Katz ¶ 3, Paper No. 111-2, the Plaintiffs do not specify the hourly rate for work performed by Mr. Rincon. Because the Plaintiffs argue that they have incurred $264.50 in paralegal fees for 2.3 hours of

1

In their Opposition, the Argo Defendants contend that:

> Some of Plaintiffs' counsel's time entries . . . are incurred as a result of routine discovery exchange, or by virtue of Plaintiffs' requests. . . . While Plaintiffs' counsel may argue that time spent determining what documents, if any, were still outstanding from [the Argo Defendants], should be awarded, to award fees for routine review of discovery produced would be unconscionable. Plaintiffs' counsel would have had to review documents produced by [the Argo Defendants], regardless of when they were produced.

Defs.' Opp. ¶¶ 4-5. In their Reply, the Plaintiffs argue that the time spent by Mr. Katz and Mr. Rincon was "necessitated by [the Argo Defendants'] failure to comply with the discovery rules," rather than simply reviewing additional documents. Pls.' Reply 2.

*II. Discussion*

Fed. R. Civ. P. 37(a)(5)(A) provides:

> If [a motion for an order compelling discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in *making the motion*, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Rule 37(a)(5)(A) makes no reference to a party being entitled to the attorney's fees incurred throughout the entire underlying dispute that eventually necessitated the motion to compel, and the Plaintiffs provide no authority that would permit me to reach such a conclusion. Although I am mindful of the diligent efforts of Mr. Katz to obtain the contested discovery, he did not actually commence work on the Renewed Motion until May 12, 2009. Therefore, after reviewing the contemporaneous timesheets for dates from May 12, 2009, to August 3, 2009, I find that, based on the work of Mr. Katz and Mr. Rincon, $4,463.00 in fees were incurred by the Plaintiffs.[2]

---

work by Mr. Rincon, the Court must conclude that Mr. Rincon's hourly rate is $115.00. This is consistent with the Local Rules of this Court. *See* D. Md. Local Rule, Appx. B, Sec. 3(e) (noting that the hourly rate for a paralegal should range from $95.00 to $115.00 per hour).

[2]The attorney's fees and paralegal fees for "05/12/09," "05/13/2009," "05/15/2009," and "5/18/09" undoubtedly relate to the drafting and filing of the Renewed Motion, and are included in my valuation. I have not included the attorney's fees for "05/14/2009" because Mr. Katz states that he was reviewing discovery produced by the Argo Defendants, as opposed to actually

2

      In accordance with Rule 37(a)(5)(A), the Argo Defendants are jointly liable for $4,463.00 in fees incurred by the Plaintiff for the prosecution of the Renewed Motion. The Argo Defendants are ordered to submit payment to the Plaintiffs within the next thirty days.

      Although informal this is an Order of the Court and shall be docketed as such.

                                                                                  /S/
                                                            Paul W. Grimm
                                      United States Magistrate Judge

mvz

---

incorporating the emails into the Renewed Motion. Even though the costs listed on "5/18/09" occurred after the Renewed Motion was electronically filed, the Plaintiffs were required to file a paper copy with the Court; therefore, such costs would be relevant to the filing of the Renewed Motion.

      The attorney's fees for "6/23/2009" and "06/24/2009" are not included, for the Renewed Motion had already been filed by the time the emails were reviewed by Mr. Katz. With respect to Mr. Katz's review of the Argo Defendants' Opposition, I note that the Plaintiffs chose not to file any Reply Memorandum. *See* Ct. Mem. 1 ("The Plaintiffs have not filed a Reply, and the time for doing so under D. Md. Local Rule 105.2(a) has passed."). If the Plaintiffs had done so, then Mr. Katz's review of the Argo Defendants' arguments could have been related to the drafting and filing of a Reply Memorandum. However, because no Reply Memorandum was filed, the prosecution of the Renewed Motion essentially ceased after it was first filed. Finally, I will not include the attorney's fees for "08/03/2009," as this activity had no relation to the drafting and filing of the Renewed Motion.

      Thus, based on the contemporaneous timesheets for the relevant dates, I find that the Plaintiffs incurred $4,440.00 in attorney's fees for 14.8 hours of work by Mr. Katz, and $23.00 in paralegal fees for 0.2 hours of work by Mr. Rincon.